■ STANDARD DEVELOPMENT CO., INC., Respondent, v SOLL ROEHNER, Appellant.—Judgment, Supreme Court, New York County, entered on June 4, 1975, unanimously affirmed on the opinion of Asch, J., at Individual Calendar Part, without costs and without disbursements. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.

■ In the Matter of LEONARD B. WACHSMAN, Appellant, v ABRAHAM BEAME, as Mayor of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered on May 28, 1975, unanimously affirmed for the reasons stated by Fine, J., at Special Term, without costs and without disbursements. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.

■ GARY BRENHOUSE et al., Respondents, v SAUL ESFORMES et al., Appellants.—Order, Supreme Court, New York County, entered on September 26, 1975, unanimously affirmed for the reasons stated by Chimera, J., at Special Term, without costs and without disbursements. Concur—Stevens, P. J., Markewich, Murphy, Silverman and Yesawich, JJ.

■ 3-WAY TRADING CORP., Appellant, v LITTON BUSINESS SYSTEMS, INC. ROYAL TYPEWRITER COMPANY DIVISION, Respondent.—Judgment, Supreme Court, New York County, entered October 24, 1975, confirming the report and recommendations of Special Referee Diamond and dismissing the petition in a proceeding brought to determine adverse claims to certain typewriters levied upon by respondent, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. The president of the petitioner-appellant is Norman Brill and both the corporation and Brill, individually, are defendants in the action underlying the levy. The petitioner-appellant's claim was sought to be established before the Referee by the testimony of Brill and another witness. Understandably, the Referee found Brill's testimony of payment for the typewriters to be "unworthy of belief". He did not characterize the remainder of Brill's testimony, but, were we to grant it credibility and also that of the other witness, we could not conclude that the typewriters had been purchased by the appellant or were its property. Concur—Markewich, J. P., Lupiano, Silverman and Lynch, JJ.; Kupferman, J., concurs in the result only.